IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| PERRYTON HOSPITALITY, INC. | § | CASE NO. 10-20167-RLJ-11 |
| | § | |
| Debtor. | § | |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| PERRYTON HOSPITALITY, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | ADVERSARY NO. _____ |
| | § | |
| AUER CORPORATION, | § | |
| | § | |
| Defendant. | § | |

# NOTICE OF REMOVAL OF CIVIL ACTION

# NOTICE

NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT P. O. BOX 15960, AMARILLO, TX 79105-0960 BEFORE THE CLOSE OF BUSINESS **TWENTY ONE (21) DAYS FROM THE SERVICE OF THIS MOTION**. IF SERVICE IS BY MAIL, THREE ADDITIONAL DAYS ARE ALLOWED PURSUANT TO FED.R. BANKR.P. 9006 (f).

ANY RESPONSE MUST BE IN WRITING, FILED WITH THE CLERK AND A COPY SERVED UPON COUNSEL FOR THE MOVING PARTY WITHIN THE TIME DESCRIBED ABOVE. IF NO RESPONSE IS TIMELY FILED, THE RELIEF REQUESTED SHALL BE DEEMED UNOPPOSED AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT.

**IF A RESPONSE IS FILED A FINAL HEARING ON THE MOTION WILL BE HELD AT 1:30 PM ON MAY 20, 2010 IN ROOM 100, 624 SOUTH POLK ST., AMARILLO, TEXAS 79101-2389.**

TO THE HONORABLE COURT:

PERRYTON HOSPITALITY, INC. ("Debtor" or "Plaintiff"), Plaintiff in the above-captioned Adversary Proceeding, and debtor-in-possession ("Debtor") in the above-captioned Chapter 11 proceeding, respectfully files this Notice of Removal in order to effectuate removal of *Perryton Hospitality, Inc. v. Auer Corporation*, Case No. 11,945, 84th District Court in and for Ochiltree County, Texas, and place same on the Court's docket as an Adversary Proceeding.

## I. GROUNDS

### A. PROCEDURAL POSTURE AND BACKGROUND

1. This notice is filed under Federal Rule of Bankruptcy 9027, 28 U.S.C. §§ 157, 1452 and 1334, as applicable. Upon removal of the state court action, this civil action is a core proceeding under 28 U.S.C. §§ 157(b)(2)(B), (K), and/or (O).[1]

2. Debtor is a Texas corporation, more specifically a single asset real estate entity, engaged in business in the hotel industry. In 2007 and 2008, Debtor, along with related entities Childress Hospitality, L.P., Borger Properties, Inc., Borger Hospitality, Inc., Wheeler Hospitality, Inc. and Decatur Hospitality, Inc. ("Related Debtors")[2], entered into contracts with Auer Corporation ("Auer") whereby Auer agreed to act as the general contractor and construct 7 hotels for Debtor and Related Debtors. The hotel owned by Debtor ("Debtor's Hotel Property") is located in Ochiltree County, Texas, which falls within the geographic jurisdiction of this Court. The hotels owned by Related Debtors ("Related Debtors' Hotel Properties") are located in Hutchinson, Wheeler, Childress, Scurry, Martin and Wise Counties, Texas, all of which fall within the geographic jurisdiction of the Northern District of Texas, with the exception of Martin County, which falls within the geographic jurisdiction of the Western District of Texas.

---

1 Debtor is cognizant of the fact that this Adversary Proceeding would also qualify for "related to" jurisdiction before this Court. However, in light of Debtor's solid belief that this matter is a core proceeding, Debtor has elected not to brief the requirements of "related to" jurisdiction.

2 A Motion for Joint Administration ("Motion") is currently pending in Debtor's and Related Debtors' Chapter 11 cases, all pending in the United States Bankruptcy Court for the Northern District of Texas, Amarillo Division. Debtor anticipates that the Court will grant the Motion in the coming days.

3. During construction of the 7 hotels, litigation associated therewith sprang up all across the Northern District of Texas. The majority of the litigation involves unpaid subcontractors, many of whom provided labor and materials on Debtor's and all of Related Debtors' Hotel Properties, seeking to foreclose on mechanic's liens against Debtor's Hotel Property and Related Debtors' Hotel Properties. Additionally, eight lawsuits between Auer, Debtor and Related Debtors were filed ("Auer Litigation"), one of which is the state court lawsuit removed to become this Adversary Proceeding. The remaining paragraphs of this subsection are a more thorough recitation of the procedural history.

4. On or about January 5, 2009, Plaintiff filed suit against Auer Corporation ("Defendant"), under Case No. 11,945, in the 84th District Court in and for Ochiltree County, Texas.

5. On March 12, 2010, an order for relief under Chapter 11 of the United States Bankruptcy Code was entered in Chapter 11 Case No. 10-20167-RLJ-11, *In re Perryton Hospitality, Inc.*, in the United States Bankruptcy Court for the Northern District of Texas, Amarillo Division.

**B.    BASIS FOR REMOVAL**

6. "A party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452.

7. The bankruptcy court has original jurisdiction of this matter under 28 U.S.C. §§ 157(b) and 1334.

8. The state court lawsuit alleges causes of action for breach of contract, placing a fraudulent lien on Debtor's Hotel Property, and a declaratory judgment to invalidate a mechanic's lien on Debtors' Hotel Property.

9. Upon removal of the state court action, this civil action is a core proceeding under 28 U.S.C. §§ 157(b)(2)(B), (K) and/or (O).

—    **This Case is a Core Proceeding Pursuant to 28 U.S.C. § 157(b)(2)(B)**

10. This Adversary Proceeding will have an impact on the allowance or disallowance of a claim against the estate, and will directly affect the estimation of claims for the purposes of confirming a plan under Chapter 11. *See* 28 U.S.C. § 157(b)(2)(B). The relief sought by Debtor in this Adversary Proceeding, invalidation of the Affidavit of Mechanic's Lien, filed by Auer ("Auer's Lien") against Debtor's Hotel Property, is necessary for formulation and confirmation of Debtor's Chapter 11 Plan. The allowance or disallowance of a claim for Auer based upon Auer's Lien will be decided in this Adversary Proceeding.

12. Further, due to the alleged amount of Auer's Lien, and Debtor's allegation of damages, the estimation of any such estate asset or allowed claim will affect, if not completely control, the Chapter 11 plan formulation for Debtor. Accordingly, this Adversary Proceeding is a core proceeding.

— **This Case is a Core Proceeding Pursuant to 28 U.S.C. § 157(b)(2)(K)**

13. This Adversary Proceeding includes causes of action seeking determination of the validity and extent of liens against property of the estate. *See* 28 U.S.C. § 157(b)(2)K. One of Debtor's claims in this Adversary Proceeding seeks to invalidate Auer's Lien filed against Debtor's Hotel Property. Accordingly, this Adversary Proceeding is a core proceeding.

— **This Case is a Core Proceeding Pursuant to 28 U.S.C. § 157(b)(2)(O)**

14. This Adversary Proceeding will have an impact on the liquidation of the assets of the estate and the adjustment of the debtor-creditor relationship. *See* 28 U.S.C. § 157(b)(2)(O). To illustrate, "The Fifth Circuit applies 28 U.S.C. § 157(b)(2)(O) when the controversy is 'inextricably tied to the bankruptcy proceeding because it affects the liquidation of assets.'" *In re Hallwood Energy, L.P., et al.*, 2009 WL2601294 at *7 (Bankr. S.D.Tex. 2009) (citing *In re Baudoin*, 981 F.2d 736, 742 (5th Cir. 1993)).

15. Any awards entered for or against Debtor will directly affect the amount of funds available to fund a Chapter 11 Plan, which Plan must address the claims of subcontractors who have filed Affidavits of Mechanic's Liens against Debtor's Hotel Property. However, more importantly, the outcome of this Adversary Proceeding may very well be dispositive as to whether Debtor will be able to reorganize under Chapter 11.

Due to the large amount of damages at stake in this Adversary Proceeding, a judgment entered against Debtor, or even a finding of "no damages" awarded to Debtor, would likely force Debtor to abandon reorganization under Chapter 11, instead converting its case to one under Chapter 7 and moving forward with liquidation of the estate. Therefore, this Adversary is "inextricably tied" to the bankruptcy proceedings, and as such, this Adversary Proceeding is a core proceeding.

16. This notice is filed with the clerk of the Bankruptcy Court rather than the clerk of the United States District Court under the Order of Reference of Bankruptcy Cases and Proceedings filed among the records of the United States District Court for the Northern District of Texas.

17. Debtor consents to entry of final orders in this matter by the judge for the United States Bankruptcy Court for the Northern District of Texas, Amarillo Division.

18. Attached to this Notice of Removal as Exhibit "A" is a Certificate of Interested Parties.

19. Copies of all state court pleadings and processes are being filed contemporaneously with this Notice of Removal. Exhibit "B" attached to this Notice of Removal is an index of those pleadings being filed.

Respectfully submitted,

Bill Kinkead, SBN 11477400
KINKEAD LAW OFFICES
6937 Bell St., Suite G
Amarillo, Texas 79109
(806) 353-2129; (806) 353-4370 Fax

By: **/s/ Bill Kinkead**
    Bill Kinkead

*Attorney for Debtor Perryton Hospitality, Inc.*

## CERTIFICATE OF SERVICE

This is to certify that on the **9th** day of April, 2010, a true and correct copy of the above and foregoing document was sent by certified mail return receipt requested to the following:

Donna C. Kline, Esq.
16144 Bethel Road
Montgomery, TX  77356

                                    **/s/ Bill Kinkead**
                                    Bill Kinkead

EXHIBIT A
TO
NOTICE OF REMOVAL OF CIVIL ACTION
CERTIFICATE OF INTERESTED PERSONS

PERRYTON HOSPITALITY, INC.

CASE NO. 10-20167-RLJ-11

624 S. Polk, Suite 100
Amarillo, TX 79101-2364

CitizensBank
c/o M. Andrew Stewart
Mullin Board & Brown, LLP
P.O. Box 2585
Lubbock, TX 79408-2585

Alfred A. Martinez
6243 Birch Valley
San Antonio, TX 78242-1511

Elliott Electric, Inc. d/b/a Elliott Electri
Matthews, Stein, Shiels, L.L.P.
8131 LBJ Freeway
Suite 700
Dallas, TX 75251-1352

American Glass & Mirror
503 S. May
Madisonville, TX 77864-2559

American Hallmark Insurance Co. Of Texas
P.O. Box 901069
Fort Worth, TX 76101-2089

Associated Supply Company, Inc.
co Scott W. Sharp
Timberlake, Weaver and Sharp, PC
1408-A Buddy Holly Ave.
Lubbock, TX 79401-4054

Auer Corporation
C/O The Joseph Lawfirm
1776 Woodstead Court, Ste. 107
The Woodlands, TX 77380-1450

Baymont Franchise Systems Inc.
14227 Collections Center Drive
Chicago, IL 60693-0001

Bindu Gupta
13331 Roanoke Road
Westlake, TX 76262-4600

Charles F. Kuntz
111 W. Texas
Wheeler, TX 79096

Chero-Key Piping Company
1800 Sherwood Forest
Suite D-1
Houston, TX 77043-3019

Chetan Parikh
1420 Riverside Road
Roanoke, TX 76262-4409

Citizens National Bank
P.O. Box 780
Childress, TX 79201-0780

CitizensBank of Shamrock
711 North Main
Shamrock, TX 79079-2037

City Of Perryton
P.O. Box 849
Perryton, TX 79070-0849

Colorado Electric Supply Ltd.
P.O. Box 203548
Austin, TX 78720-3548

Desert Aire
N. 120W
18485 Freistadt Road
Germantown, WI 53022

Elliot Electric Supply Group, LLC
D/B/A Elliot Electric Supply
2526 North Stallings Drive
Nacogdoches, TX 75964-1201

Elliott Electric, Inc. d/b/a Elliott Elect.
Robert L. Eden
MATTHEWS, STEIN, SHIELS, L.L.P.
8131 LBJ Freeway, Suite 700
Dallas, Texas 75251-1352
(972) 234-1750 Telecopier

Gaurav Patel
800 West 2nd St.
Clarendon, TX 79226

Gaurav Patel
c/o Coleman Young
Templeton Law Firm
320 S. Polk, Suite 1000
Amarillo, TX 79101-1429

Guy Paul Strickland
1615 East Bantam #34
Tucson, AZ 85706-1559

Harish L. Patel
1424 Riverside Rd.
Roanoke TX 76262-4409

INTERNAL REVENUE SERVICE
1100 COMMERCE STREET
DALLAS TX 75242-1100
MC5027DAL

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 21126
PHILADELPHIA PA 19114-0326

Interstate Bank, ssb
c/o Don D. Sunderland
Mullin Board & Brown, LLP
P.O. Box 31656
Amarillo, TX 79120-1656

John R. Bankhead, Attorney
110 W. Cottonwood
P.O. Drawer 1839
Madisonville, TX 77864-6839

Kalpej Patel
3728 Inverness Dr.
Rochester, MI 48306-4760

| | | |
|---|---|---|
| Kalpej Patel<br>c/o Coleman Young<br>Templeton Law Firm<br>320 S. Polk, Suite 1000<br>Amarillo, TX 79101-1429 | Kishore Patel<br>6921 Alexandras Oak Ct.<br>Cinncinnati, OH 45248-1050 | Leo Concrete<br>11201 S. Osage<br>Amarillo, TX 79118-5363 |
| Ochiltree CAD<br>825 S.Main, Ste. 100<br>Perryton, TX 79070-3558 | Otis Elevator<br>2516 Gravel Road<br>Bldg 18<br>Fort Worth, TX 76118-6974 | Perryton Hospitality, Inc.<br>1424 Riverside Rd.<br>Roanoke, TX 76262-4409 |
| Preyesh Kumar<br>411 Ave F NW<br>Childress TX 79201-3614 | Priyesh Patel<br>2749 Crystal Glenn Circle<br>Hurst, TX 76054-2428 | Richard B. Schiro<br>3710 Rawlins Street<br>Suite 1350<br>Dallas, Texas 75219-6427 |
| Sejal Patel<br>12029 E. Frederic Ave.<br>Pampa, TX 79065-1511 | Sejal Patel<br>c/o Coleman Young<br>Templeton Law Firm<br>320 S. Polk, Suite 1000<br>Amarillo, TX 79101-1429 | Signature Services Corporation<br>2705 Bawes Avenue<br>P.O.Box 35885<br>Dallas, TX 75235-0885 |
| Solomon Electric, Inc.<br>11878 Landrum Lane<br>Montgomery, TX 77356 | T&C Granite Installers, Inc.<br>C/O Lemon, Shearer, Phillips, & Good, PC<br>P.O. Drawer 348<br>Booker, TX 79005-0348 | (p)TEXAS COMPTROLLER OF PUBLIC ACCOUNTS<br>REVENUE ACCOUNTING DIV - BANKRUPTCY SECTION<br>PO BOX 13528<br>AUSTIN TX 78711-3528 |
| U.S. Attorney<br>ANB Plaza 2, Ste. 300, LB 238<br>500 S. Taylor<br>Amarillo, TX 79101-2442 | U.S. Attorney In Charge<br>1100 Commerce Street<br>3rd Floor<br>Dallas, TX 75242-1074 | U.S. Trustee<br>William T. Neary<br>1100 Commerce Street, RM 976<br>Dallas, TX 75242-1011 |
| UST U.S. Trustee<br>1100 Commerce Street<br>Room 976<br>Dallas, TX 75242-1011 | W. L. Sweaney, Inc.<br>2608 Forest Park<br>Granbury, TX 76048-3609 | Wear Law Offices<br>1811 W. Park Row<br>Arlington, TX 76013-3505 |
| Yellow Book<br>P.O. Box 3162<br>Cedar Rapids, IA 52406-3162 | | |

**EXHIBIT B**
**TO**
**NOTICE OF REMOVAL OF CIVIL ACTION**

**INDEX OF PLEADINGS**

| | |
|---|---|
| Attachment 1: | Plaintiff's Original Petition |
| Attachment 2: | Defendant's Motion to Transfer Venue, Motion to Dismiss or Stay, Original Answer |
| Attachment 3: | Notice of Hearing |
| Attachment 4: | Plaintiff's Motion to Strike Defendant's Brief in Support of Motion to Transfer Venue |
| Attachment 5: | Plaintiff's Response to Defendant's Motion to Transfer Venue |
| Attachment 6: | Defendant's Response to Plaintiff's Motion to Strike |
| Attachment 7: | Supplemental Brief in Support of Motion to Transfer Venue |
| Attachment 8: | Order Denying Defendant's Motion to Transfer Venue |
| Attachment 9: | Brief in Support of Defendant's Motion to Transfer Venue |
| Attachment 10: | Motion to Reconsider Ruling on Motion to Transfer Venue and Motion to Reconsider Ruling Striking |
| Attachment 11: | Supplemental Motion and Brief to Reconsider Ruling on Motion to Transfer Venue |
| Attachment 12: | Brief in Support of Motion to Abate, Stay or Dismiss |
| Attachment 13: | Amended Motion to Transfer Venue |
| Attachment 14: | Motion to Reconsider Ruling on Motion to Strike Brief, Amend to Transfer Venue Supplemental |
| Attachment 15: | Amended Motion to Transfer Venue |
| Attachment 16: | Plaintiff's First Supplemental Petition |
| Attachment 17: | Plaintiff's Notice for Partial Summary Judgment |
| Attachment 18: | Documents and Authority Filing in Support of Plaintiff's Motion for Partial Summary Judgment |
| Attachment 19: | Notice to Court of Filing of Motion to Transfer Under Rule 13, Rules of Judicial Administration |
| Attachment 20: | Motion for Withdrawal of Counsel |
| Attachment 21: | Order of Withdrawal of Counsel |
| Attachment 22: | Order Setting Hearing on Plaintiff's Motion for Partial Summary Judgment |
| Attachment 23: | Defendant Auer Corp. Motion for Extension of Time to Respond and to Continue Hearing |
| Attachment 24: | Affidavit of Raymond Teague |
| Attachment 25: | Defendant Auer Corp. Motion for Extension of Time to Respond and to Continue Hearing |
| Attachment 26: | Response to Motion for Summary Judgment |
| Attachment 27: | Order Granting Motion for Extension of Time and Continuance |
| Attachment 28: | Suggestion of Bankruptcy |