<u>**CAUSE NO.11945**</u>

| | | |
|---|---|---|
| **PERRYTON HOSPITALITY, INC.,** | § | |
| | § | **IN THE 84ᵗʰ DISTRICT COURT** |
| **PLAINTIFF** | § | |
| | § | |
| | § | |
| **VS.** | § | **IN AND FOR** |
| | § | |
| | § | |
| **AUER CORPORATION** | § | |
| | § | |
| **DEFENDANT** | § | **OCHILTREE COUNTY, TEXAS** |

<u>**MOTION TO TRANSFER VENUE, MOTION TO DISMISS OR STAY,AND SUBJECT TO THOSE  MOTIONS, DEFENDANT AUER CORPORATION'S  ORIGINAL ANSWER**</u>

COMES NOW, AUER CORPORATION, Defendant, and files this its Motion to Dismiss or Stay and Motion to Transfer Venue and, subject thereto, its Original Answer in the above-referenced cause, and in support thereof would respectfully show unto this honorable Court as follows:

**I.**
**DEFENDANT AUER CORPORATION'S MOTION TO TRANSFER VENUE**

1.01    This case should be transferred to Montgomery County, Texas pursuant to the parties' contract and applicable law.

1.02    Defendant Auer Corporation ("Auer") and Plaintiff Perryton Hospitality, Inc. ("Perryton") entered into a contract for construction of a hotel called the Baymont Inn & Suites. Auer was the general contractor on that project. The owner of that hotel was Perryton.

1.03    This case should be transferred to Montgomery County, which is a proper county under Texas Civil Practice & Remedies Code section 15.002 (a)(1),(2), and (3). In addition to the venue provision in the contract at issue in this case,  Montgomery County is the county in which a substantial part of the events or omissions giving rise to the claim occurred.

Correspondence regarding this project was sent to and from that office, and the contract was entered into by Auer in that county. Perryton's failures to make timely payment took place in Montgomery County when payment was not received by Auer. Finally, Auer's principal office is located in Montgomery County. CPRC §15.002(a)(3). Many of the witnesses are located in other counties, such as the architect. Auer's employees, and Harish Patel, an officer of Perryton and the primary representative of Plaintiff in the events underlying this case.

1.04    Further, pursuant to Texas Civil Practice & Remedies Code section 15.002 (b)(1), maintenance of the action in Ochiltree County would work an injustice to Defendant Auer by causing it and its president, Mr. Raymond Teague, economic and personal hardship.

WHEREFORE defendant Auer Corporation respectfully requests that this Court transfer venue of the case against it to the district courts of Montgomery County, Texas and that the Court order that Plaintiff Perryton pay the court costs of such transfer. An order to that effect is attached hereto.

## II.
## DEFENDANT AUER CORPORATION'S MOTION TO DISMISS OR STAY AND MOTION FOR ATTORNEY'S FEES

2.01    Subject to its Motion to Transfer Venue, Defendant Auer Corporation ("Auer") moves to dismiss the instant action, or in the alternative, to stay same, on the ground that conditions precedent to the maintenance of this action have not been satisfied.

2.02    As noted above, Auer and Perryton entered into a contract for construction of a hotel called the Baymont Inn & Suites. The contract contained several parts, including a Standard Form of Agreement and a General Conditions of the Contract for Construction. These are standard form agreements promulgated by the American Institute of Architects. The General Conditions portion sets forth conditions precedent to litigation which have not been satisfied by Perryton, including terms governing dispute resolution. Those conditions precedent include (1) submission of the claim to the architect for initial decision and (2) mediation. The dispute resolution provisions are in §§ 4.3. through 4.6.

2.03    Section 4.3 requires that all claims be submitted first to the architect for the project for decision and that the architect's decision is a condition precedent to any further mediation or litigation. Paragraph 4.4.1 says,

> Claims . . . shall be referred initially to the Architect for decision. An initial decision by the Architect shall be required as a condition precedent to mediation, arbitration or litigation. . ..

Section 4.5 provides for mediation, and Paragraph 4.5.1 provides that

> Any Claim . . . shall, after initial decision by the Architect or 30 days after submission of the Claim to the Architect, be subject to mediation as a condition precedent to . . . the institution of    legal or equitable proceedings by either Party.

3

2.04    A party to a contract must fulfill the conditions precedent before it has the right to act. In fact, liability doesn't arise on the promise qualified by such conditions until they are fulfilled. *Regent International Hotels Ltd. V. Las Colinas Hotels Corp.* 704 S.W.2d 101, 103-4 (Tex. App. Dallas 1985, no writ). Defendant Auer is entitled to the protections afforded by the contract between the parties, and those protections include the obligatory submission of any claim to the architect for resolution and the use of mediation, prior to the expense of litigation being incurred.

2.05    None of those conditions precedent have been satisfied. The Plaintiff has not submitted its claim to the architect and the architect has not rendered a decision. The parties have not been to mediation. See Affidavit of Raymond Teague, attached hereto.

2.06    The proper remedy for Plaintiff's failure to satisfy a condition precedent to its right to sue is dismissal of this action. Where, for example, a party fails to exhaust administrative remedies prior to filing suit, the proper action for the court is to dismiss the case. See e.g. *City of Dallas v. Chicory Court Simpson Stuart, L.P.* ___ S.W.3d ___ 2008 WL 496893 (Tex. App. - Dallas, November 2008), motion for reconsideration filed. Defendant should not be required to incur the expense, both in time and attorneys' fees, of defending a lawsuit (leave alone a lawsuit in the wrong county) when the parties have made a detailed agreement about alternative dispute procedures.

2.07    However, Paragraph 4.5.2 of the General Conditions provides that

mediation shall proceed in advance of arbitration or legal or equitable proceedings, which shall be stayed pending mediation for a period of 60 days from the date of filing, unless stayed for a longer period by agreement of the parties or court order.

4

2.08    The plain purpose of those clauses is to allow the contractor and its customer to avoid legal expense and formality. Plaintiff's filing of this case has forced Auer to suffer exactly what the contract was intended to protect it against. Moreover, the contractual provisions are in accordance with Texas law. Section 154.002 of CPRC provides that encouraging peaceful resolution of disputes is state policy, and Section 54.003 states that it is the responsibility of the trial court to carry out that policy.

2.09    Plaintiff pleaded in Paragraph E of its Original Petition that all conditions precedent have been satisfied, which is patently not true, because there has been neither submission of the claim nor mediation.

2.10    Plaintiff Perryton attached the contract between the parties to its petition in this cause. Clearly, Perryton was aware of the contract provisions at issue. Its attachment of the contract makes it part of its pleadings and it should be held to their terms.

2.11    Plaintiff's conscious decision to not comply with the contract dispute resolution terms and to not disclose those requirements to the Court merits the award of attorneys' fees to Plaintiff.

WHEREFORE Defendant Auer Corporation respectfully requests that this Court dismiss the instant action or, in the alternative, that the Court stay the action for a period of six months pending compliance with the contractual provisions by the Plaintiff, including mediation. Auer further prays that the Court award it the attorneys' fees that it has incurred in this motion. An order to that effect is attached hereto.

## DEFENDANT AUER CORPORATION'S ORIGINAL ANSWER
## SUBJECT TO DEFENDANT'S MOTIONS TO TRANSFER VENUE AND TO DISMISS
## OR STAY

Subject to the foregoing Motion, Defendant Auer Corporation responds as follows:

### III.
### General Denial

3.01    Pursuant to Rule 92 T.R.C.P., Defendant denies generally every allegation contained in Plaintiff's Original Petition and demands strict proof by a preponderance of the credible evidence.

### IV.
### Specific Denials and Affirmative Defenses

4.01    Defendant specifically denies the alleged accounting upon which Plaintiff's claim is based.

4.02    Further, Defendant specifically denies that Perryton performed its obligations under the contract.   Specifically, and without limitation, Defendant pleads that Perryton breached its obligations under the contract, including that Perryton failed to pay Auer amounts due thereunder.  Perryton did not pay as set out in the Original Petition.  Auer's lien was filed in accordance with Texas law and is a valid encumbrance on the hotel property.

4.03    Further, and without limitation, Defendant pleads that its decision to terminate its work under the agreements between the parties was justified by law and was taken in accordance with the terms of those agreements.

4.04    Among other defenses, Perryton's conduct constituted an anticipatory breach of the contract and entitled Defendant to cease work on the project, and the conditions precedent to obligations of Auer were not met.

6

4.05    In further response to Count 4 regarding payments to subcontractors, and without limitation, Defendant pleads that all amounts properly due and owing to subcontractors and suppliers for work done or supplies furnished during the time that Perryton paid Auer its draws pursuant to the contract have been paid or, in the alternative, that the person claiming amounts due is not entitled to payment.  See Affidavit of Ray Teague, attached hereto.

4.06    Further, Defendant pleads that additional amounts due and owing to subcontractors and vendors were paid by it even when Plaintiff had failed to make the payments due to Auer.  Defendant further states that any failure on its part to make payments to subcontractors or vendors was caused by Plaintiff's failure to make payments due to Plaintiff.

4.07    Finally, some of those subcontractors or suppliers may be entitled to payment from retainages held by Plaintiff or other persons.   Defendant is not responsible for such retainages nor for ensuring that any amount due therefrom is paid to subcontractors or suppliers. Any failure to pay such persons is entirely the fault of those holding such retainages.

4.08    Defendant further pleads that its filing of an affidavit claiming a lien for amounts owed to it by Perryton was done in accordance with Texas law and was otherwise lawful

4.09    Without limitation and in the alternative, Defendant further affirmatively pleads the following: (1)that Plaintiff committed fraud and misrepresentation in connection with the transactions between Plaintiff and Defendant; (2)that Plaintiff is estopped to bring the claims made; (3)that Plaintiff is guilty of laches; and  (4) that Plaintiff has failed to mitigate its damages, if any.

## V.
### Request for Disclosure

5.01    Please disclose all information and material pursuant to Texas Rules of Civil

Procedure 194.2 (a) - (k) within thirty days to the undersigned counsel.

### **Prayer**

WHEREFORE, PREMISES CONSIDERED, Defendant Auer Corporation prays as

follows: first that the Court transfer this case to the district courts of Montgomery County where

venue is proper; second, that the Court dismiss the instant action or, in the alternative, stay it for

a period of six months, pending Plaintiff's compliance with the applicable contracts and,

specifically, its fulfillment of conditions precedent to litigation, including mediation; and third,

subject to the foregoing motions, that after a jury trial of this case (1) the Court enter judgement

that Plaintiff take nothing by its suit and (2) the Court enter judgment for Auer Corporation and

against Perryton Hospitality, Inc. , for Auer Corporation's reasonable and necessary attorneys

fees in this case and all appeals, all costs of court, including those associated with the costs of the

instant motions, and for such other and further relief to which it may show itself to be justly

entitled.

Respectfully submitted,

The Joseph Law Firm

By:

Terry B. Joseph, S.B.N. 11029500
1776 Woodstead Court, Suite 107
The Woodlands, Texas 77380
Telephone (281) 364-7222
Telefax (281) 364-7242

Donna C. Kline
SBN 11571600
Of Counsel

ATTORNEYS FOR DEFENDANT AUER
CORPORATION

8

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above Original Answer was served upon all counsel and parties of record pursuant to the Texas Rules of Civil Procedure on this _____ day of January 2009.

Donna C. Kline

State of Texas

County of Montgomery

Before me, the undersigned notary public, personally appeared Raymond Teague, and being by me duly identified and sworn, did on his oath state the following:

1) My name is Raymond Teague. I am the President of Auer Corporation ("Auer"), the defendant in the instant case. I have personal knowledge of the matters set forth herein.

2) The documents attached to this affidavit are true and correct copies of said documents. Said documents are contained within the business records of Auer Corporation and are maintained therein in the ordinary course of business by a person whose responsibility it is to obtain and maintain such records. They are business records of Auer.

3) The venue facts set forth in Defendant's Motion to Transfer Venue are true and correct to the best of my knowledge and belief.

4) Specifically, and without limitation, the following are true:

   a) Perryton Hospitality, Inc. ("Perryton") and Auer entered into a contract for Auer to act as general contractor on a hotel called the Baymont Inn & Suites. The hotel was located in Perryton, Texas. Relevant portions of that contract (the "General Conditions") is attached to this affidavit as Exhibit 1.

   b) The offices of Auer Corporation are located in Montgomery County, and the contract with Perryton was signed there by me. Correspondence relating to the project was sent from Auer's offices, and other events took place in Montgomery County.

   c) Defending this cause in Ochiltree County would work undue harm on me financially and emotionally and on my corporation financially.

   d) To the best of my knowledge and belief, Perryton has not complied with the requirements of the General Conditions relating to dispute resolution.

   e) I have received no notice of Perryton submitting any claim to the architect on this project, nor has the architect rendered a decision on any claim by Perryton. So far as I know, no claim has been submitted to the architect by Perryton.

   f) No mediation of this dispute between Perryton and Auer has taken place.

   g) For part of the time as the hotel was being built, all or part of the amounts owed under the contract were paid to Auer. During those times, Auer paid all amounts properly due to subcontractors and suppliers. Auer has furnished lien releases and other documentation to Perryton showing such payment. Auer did not pay persons submitting claims for payment who were not entitled to be paid. In addition, Auer has paid subcontractors and vendors with legitimate claims for payment out of its own funds. Failure to pay any such person who is entitled to payment is due entirely to the failure of Perryton to make payments due under the contracts.

   h) During that construction, Perryton or the construction lender withheld amounts due to such subcontractors and suppliers as retainages. Auer does not control the disbursement of such amounts and is not responsible for those funds.



FURTHER AFFIANT SAYETH NAUGHT. SO SWORN.

Raymond Teague

Subscribed and sworn to before me by Raymond Teague on this January 22, 2009.

Notary Public, State of Texas

My commission expires _Oct 15, 2012_ .



SHELLI R. GRIFFIN
My Commission Expires
October 15, 2012

*Prentice Contract*

§ 4.2.10 If the Owner and Architect agree, the Architect will provide one or more project representatives to assist in carrying out the Architect's responsibilities at the site. The duties, responsibilities and limitations of authority of such project representatives shall be as set forth in an exhibit to be incorporated in the Contract Documents.

§ 4.2.11 The Architect will interpret and decide matters concerning performance under and requirements of, the Contract Documents on written request of either the Owner or Contractor. The Architect's response to such requests will be made in writing within any time limits agreed upon or otherwise with reasonable promptness. If no agreement is made concerning the time within which interpretations required of the Architect shall be furnished in compliance with this Section 4.2, then delay shall not be recognized on account of failure by the Architect to furnish such interpretations until 15 days after written request is made for them.

§ 4.2.12 Interpretations and decisions of the Architect will be consistent with the intent of and reasonably inferable from the Contract Documents and will be in writing or in the form of drawings. When making such interpretations and initial decisions, the Architect will endeavor to secure faithful performance by both Owner and Contractor, will not show partiality to either and will not be liable for results of interpretations or decisions so rendered in good faith.

§ 4.2.13 The Architect's decisions on matters relating to aesthetic effect will be final if consistent with the intent expressed in the Contract Documents.

§ 4.3 CLAIMS AND DISPUTES
§ 4.3.1 Definition. A Claim is a demand or assertion by one of the parties seeking, as a matter of right, adjustment or interpretation of Contract terms, payment of money, extension of time or other relief with respect to the terms of the Contract. The term "Claim" also includes other disputes and matters in question between the Owner and Contractor arising out of or relating to the Contract. Claims must be initiated by written notice. The responsibility to substantiate Claims shall rest with the party making the Claim.

§ 4.3.2 Time Limits on Claims. Claims by either party must be initiated within 21 days after occurrence of the event giving rise to such Claim or within 21 days after the claimant first recognizes the condition giving rise to the Claim, whichever is later. Claims must be initiated by written notice to the Architect and the other party.

§ 4.3.3 Continuing Contract Performance. Pending final resolution of a Claim except as otherwise agreed in writing or as provided in Section 9.7.1 and Article 14, the Contractor shall proceed diligently with performance of the Contract and the Owner shall continue to make payments in accordance with the Contract Documents.

§ 4.3.4 Claims for Concealed or Unknown Conditions. If conditions are encountered at the site which are (1) subsurface or otherwise concealed physical conditions which differ materially from those indicated in the Contract Documents or (2) unknown physical conditions of an unusual nature, which differ materially from those ordinarily found to exist and generally recognized as inherent in construction activities of the character provided for in the Contract Documents, then notice by the observing party shall be given to the other party promptly before conditions are disturbed and in no event later than 21 days after first observance of the conditions. The Architect will promptly investigate such conditions and, if they differ materially and cause an increase or decrease in the Contractor's cost of, or time required for, performance of any part of the Work, will recommend an equitable adjustment in the Contract Sum or Contract Time, or both. If the Architect determines that the conditions at the site are not materially different from those indicated in the Contract Documents and that no change in the terms of the Contract is justified, the Architect shall so notify the Owner and Contractor in writing, stating the reasons. Claims by either party in opposition to such determination must be made within 21 days after the Architect has given notice of the decision. If the conditions encountered are materially different, the Contract Sum and Contract Time shall be equitably adjusted, but if the Owner and Contractor cannot agree on an adjustment in the Contract Sum or Contract Time, the adjustment shall be referred to the Architect for initial determination, subject to further proceedings pursuant to Section 4.4.

§ 4.3.5 Claims for Additional Cost. If the Contractor wishes to make Claim for an increase in the Contract Sum, written notice as provided herein shall be given before proceeding to execute the Work. Prior notice is not required for Claims relating to an emergency endangering life or property arising under Section 10.6.

§ 4.3.6 If the Contractor believes additional cost is involved for reasons including but not limited to (1) a written interpretation from the Architect, (2) an order by the Owner to stop the Work where the Contractor was not at fault,

Init.

*RF*

*MM*

**AIA Document A201™ – 1997. Copyright** © 1911, 1915, 1918, 1925, 1937, 1951, 1958, 1961, 1963, 1966, 1970, 1976, 1987 and 1997 by The American Institute of Architects. **All rights reserved.** WARNING: This AIA® Document is protected by U.S. Copyright Law and International Treaties. Unauthorized reproduction or distribution of this AIA® Document, or any portion of it, may result in severe civil and criminal penalties, and will be prosecuted to the maximum extent possible under the law. This document was produced by AIA software at 13:41:32 on 04/14/2007 under Order No.1000298730_1 which expires on 4/12/2008, and is not for resale.
User Notes:

**19**

(1402580073)

EXHIBIT    1

(3) a written order for a minor change in the Work issued by the Architect, (4) failure of payment by the Owner, (5) termination of the Contract by the Owner, (6) Owner's suspension or (7) other reasonable grounds. Claim shall be filed in accordance with this Section 4.3.

§ 4.3.7 Claims for Additional Time
§ 4.3.7.1 If the Contractor wishes to make Claim for an increase in the Contract Time, written notice as provided herein shall be given. The Contractor's Claim shall include an estimate of cost and of probable effect of delay on progress of the Work. In the case of a continuing delay only one Claim is necessary.

§ 4.3.7.2 If adverse weather conditions are the basis for a Claim for additional time, such Claim shall be documented by data substantiating that weather conditions were abnormal for the period of time, could not have been reasonably anticipated and had an adverse effect on the scheduled construction.

§ 4.3.8 Injury or Damage to Person or Property. If either party to the Contract suffers injury or damage to person or property because of an act or omission of the other party, or of others for whose acts such party is legally responsible, written notice of such injury or damage, whether or not insured, shall be given to the other party within a reasonable time not exceeding 21 days after discovery. The notice shall provide sufficient detail to enable the other party to investigate the matter.

§ 4.3.9 If unit prices are stated in the Contract Documents or subsequently agreed upon, and if quantities originally contemplated are materially changed in a proposed Change Order or Construction Change Directive so that application of such unit prices to quantities of Work proposed will cause substantial inequity to the Owner or Contractor, the applicable unit prices shall be equitably adjusted.

§ 4.3.10 Claims for Consequential Damages. The Contractor and Owner waive Claims against each other for consequential damages arising out of or relating to this Contract. This mutual waiver includes:
 .1  damages incurred by the Owner for rental expenses, for losses of use, income, profit, financing, business and reputation, and for loss of management or employee productivity or of the services of such persons; and
 .2  damages incurred by the Contractor for principal office expenses including the compensation of personnel stationed there, for losses of financing, business and reputation, and for loss of profit except anticipated profit arising directly from the Work.

This mutual waiver is applicable, without limitation, to all consequential damages due to either party's termination in accordance with Article 14. Nothing contained in this Section 4.3.10 shall be deemed to preclude an award of liquidated direct damages, when applicable, in accordance with the requirements of the Contract Documents.

§ 4.4 RESOLUTION OF CLAIMS AND DISPUTES
§ 4.4.1 Decision of Architect. Claims, including those alleging an error or omission by the Architect but excluding those arising under Sections 10.3 through 10.5, shall be referred initially to the Architect for decision. An initial decision by the Architect shall be required as a condition precedent to mediation, arbitration or litigation of all Claims between the Contractor and Owner arising prior to the date final payment is due, unless 30 days have passed after the Claim has been referred to the Architect with no decision having been rendered by the Architect. The Architect will not decide disputes between the Contractor and persons or entities other than the Owner.

§ 4.4.2 The Architect will review Claims and within ten days of the receipt of the Claim take one or more of the following actions: (1) request additional supporting data from the claimant or a response with supporting data from the other party, (2) reject the Claim in whole or in part, (3) approve the Claim, (4) suggest a compromise, or (5) advise the parties that the Architect is unable to resolve the Claim if the Architect lacks sufficient information to evaluate the merits of the Claim or if the Architect concludes that, in the Architect's sole discretion, it would be inappropriate for the Architect to resolve the Claim.

§ 4.4.3 In evaluating Claims, the Architect may, but shall not be obligated to, consult with or seek information from either party or from persons with special knowledge or expertise who may assist the Architect in rendering a decision. The Architect may request the Owner to authorize retention of such persons at the Owner's expense.

Init.

AIA Document A201™ – 1997. Copyright © 1911, 1915, 1918, 1925, 1937, 1951, 1958, 1961, 1963, 1966, 1970, 1976, 1987 and 1997 by The American Institute of Architects. All rights reserved. WARNING: This AIA® Document is protected by U.S. Copyright Law and International Treaties. Unauthorized reproduction or distribution of this AIA® Document, or any portion of it, may result in severe civil and criminal penalties, and will be prosecuted to the maximum extent possible under the law. This document was produced by AIA software at 13:41:32 on 04/14/2007 under Order No.1000296730_1 which expires on 4/12/2008, and is not for resale.
User Notes:

(1402580073)

**§ 4.4.4** If the Architect requests a party to provide a response to a Claim or to furnish additional supporting data, such party shall respond, within ten days after receipt of such request, and shall either provide a response on the requested supporting data, advise the Architect when the response or supporting data will be furnished or advise the Architect that no supporting data will be furnished. Upon receipt of the response or supporting data, if any, the Architect will either reject or approve the Claim in whole or in part

**§ 4.4.5** The Architect will approve or reject Claims by written decision, which shall state the reasons therefor and which shall notify the parties of any change in the Contract Sum or Contract Time or both. The approval or rejection of a Claim by the Architect shall be final and binding on the parties but subject to mediation and arbitration.

**§ 4.4.6** When a written decision of the Architect states that (1) the decision is final but subject to mediation and arbitration and (2) a demand for arbitration of a Claim covered by such decision must be made within 30 days after the date on which the party making the demand receives the final written decision, then failure to demand arbitration within said 30 days' period shall result in the Architect's decision becoming final and binding upon the Owner and Contractor. If the Architect renders a decision after arbitration proceedings have been initiated, such decision may be entered as evidence, but shall not supersede arbitration proceedings unless the decision is acceptable to all parties concerned.

**§ 4.4.7** Upon receipt of a Claim against the Contractor or at any time thereafter, the Architect or the Owner may, but is not obligated to, notify the surety, if any, of the nature and amount of the Claim. If the Claim relates to a possibility of a Contractor's default, the Architect or the Owner may, but is not obligated to, notify the surety and request the surety's assistance in resolving the controversy.

**§ 4.4.8** If a Claim relates to or is the subject of a mechanic's lien, the party asserting such Claim may proceed in accordance with applicable law to comply with the lien notice or filing deadlines prior to resolution of the Claim by the Architect, by mediation or by arbitration.

## § 4.5 MEDIATION
**§ 4.5.1** Any Claim arising out of or related to the Contract, except Claims relating to aesthetic effect and except those waived as provided for in Sections 4.3.10, 9.10.4 and 9.10.5 shall, after initial decision by the Architect or 30 days after submission of the Claim to the Architect, be subject to mediation as a condition precedent to arbitration or the institution of legal or equitable proceedings by either party.

**§ 4.5.2** The parties shall endeavor to resolve their Claims by mediation which, unless the parties mutually agree otherwise, shall be in accordance with the Construction Industry Mediation Rules of the American Arbitration Association currently in effect. Request for mediation shall be filed in writing with the other party to the Contract and with the American Arbitration Association. The request may be made concurrently with the filing of a demand for arbitration but, in such event, mediation shall proceed in advance of arbitration or legal or equitable proceedings, which shall be stayed pending mediation for a period of 60 days from the date of filing, unless stayed for a longer period by agreement of the parties or court order.

**§ 4.5.3** The parties shall share the mediator's fee and any filing fees equally. The mediation shall be held in the place where the Project is located, unless another location is mutually agreed upon. Agreements reached in mediation shall be enforceable as settlement agreements in any court having jurisdiction thereof.

## § 4.6 ARBITRATION
**§ 4.6.1** Any Claim arising out of or related to the Contract, except Claims relating to aesthetic effect and except those waived as provided for in Sections 4.3.10, 9.10.4 and 9.10.5, shall, after decision by the Architect or 30 days after submission of the Claim to the Architect, be subject to arbitration. Prior to arbitration, the parties shall endeavor to resolve disputes by mediation in accordance with the provisions of Section 4.5.

**§ 4.6.2** Claims not resolved by mediation shall be decided by arbitration which, unless the parties mutually agree otherwise, shall be in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association currently in effect. The demand for arbitration shall be filed in writing with the other party to the Contract and with the American Arbitration Association, and a copy shall be filed with the Architect.

AIA Document A201™ — 1997. Copyright © 1911, 1915, 1918, 1925, 1937, 1951, 1958, 1961, 1963, 1966, 1970, 1976, 1987 and 1997 by The American Institute of Architects. All rights reserved. WARNING: This AIA® Document is protected by U.S. Copyright Law and International Treaties. Unauthorized reproduction or distribution of this AIA® Document, or any portion of it, may result in severe civil and criminal penalties, and will be prosecuted to the maximum extent possible under the law. This document was produced by AIA software at 13:41:32 on 04/14/2007 under Order No.1000296730_1 which expires on 4/12/2008, and is not for resale.
User Notes:



§ 4.6.3 A demand for arbitration shall be made within the time limits specified in Sections 4.4.6 and 4.6.1 as applicable, and in other cases within a reasonable time after the Claim has arisen, and in no event shall it be made after the date when institution of legal or equitable proceedings based on such Claim would be barred by the applicable statute of limitations as determined pursuant to Section 13.7.

§ 4.6.4 Limitation on Consolidation or Joinder. No arbitration arising out of or relating to the Contract shall include, by consolidation or joinder or in any other manner, the Architect, the Architect's employees or consultants, except by written consent containing specific reference to the Agreement and signed by the Architect, Owner, Contractor and any other person or entity sought to be joined. No arbitration shall include, by consolidation or joinder or in any other manner, parties other than the Owner, Contractor, a separate contractor as described in Article 6 and other persons substantially involved in a common question of fact or law whose presence is required if complete relief is to be accorded in arbitration. No person or entity other than the Owner, Contractor or a separate contractor as described in Article 6 shall be included as an original third party or additional third party to an arbitration whose interest or responsibility is insubstantial. Consent to arbitration involving an additional person or entity shall not constitute consent to arbitration of a Claim not described therein or with a person or entity not named or described therein. The foregoing agreement to arbitrate and other agreements to arbitrate with an additional person or entity duly consented to by parties to the Agreement shall be specifically enforceable under applicable law in any court having jurisdiction thereof. The undersigned consents to venue in Montgomery County Texas.

§ 4.6.5 Claims and Timely Assertion of Claims. The party filing a notice of demand for arbitration must assert in the demand all Claims then known to that party on which arbitration is permitted to be demanded.

§ 4.6.6 Judgment on Final Award. The award rendered by the arbitrator or arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof.

## ARTICLE 5  SUBCONTRACTORS
### § 5.1 DEFINITIONS
§ 5.1.1 A Subcontractor is a person or entity who has a direct contract with the Contractor to perform a portion of the Work at the site. The term "Subcontractor" is referred to throughout the Contract Documents as if singular in number and means a Subcontractor or an authorized representative of the Subcontractor. The term "Subcontractor" does not include a separate contractor or subcontractors of a separate contractor.

§ 5.1.2 A Sub-subcontractor is a person or entity who has a direct or indirect contract with a Subcontractor to perform a portion of the Work at the site. The term "Sub-subcontractor" is referred to throughout the Contract Documents as if singular in number and means a Sub-subcontractor or an authorized representative of the Sub-subcontractor.

### § 5.2 AWARD OF SUBCONTRACTS AND OTHER CONTRACTS FOR PORTIONS OF THE WORK
§ 5.2.1 Unless otherwise stated in the Contract Documents or the bidding requirements, the Contractor, as soon as practicable after award of the Contract, shall furnish in writing to the Owner through the Architect the names of persons or entities (including those who are to furnish materials or equipment fabricated to a special design) proposed for each principal portion of the Work. The Architect will promptly reply to the Contractor in writing stating whether or not the Owner or the Architect, after due investigation, has reasonable objection to any such proposed person or entity. Failure of the Owner or Architect to reply promptly shall constitute notice of no reasonable objection.

§ 5.2.2 The Contractor shall not contract with a proposed person or entity to whom the Owner or Architect has made reasonable and timely objection. The Contractor shall not be required to contract with anyone to whom the Contractor has made reasonable objection.

§ 5.2.3 If the Owner or Architect has reasonable objection to a person or entity proposed by the Contractor, the Contractor shall propose another to whom the Owner or Architect has no reasonable objection. If the proposed but rejected Subcontractor was reasonably capable of performing the Work, the Contract Sum and Contract Time shall be increased or decreased by the difference, if any, occasioned by such change, and an appropriate Change Order shall be issued before commencement of the substitute Subcontractor's Work. However, no increase in the Contract Sum or Contract Time shall be allowed for such change unless the Contractor has acted promptly and responsively in submitting names as required.



**AIA Document A201™ – 1997. Copyright** © 1911, 1915, 1918, 1925, 1937, 1951, 1958, 1961, 1963, 1966, 1970, 1976, 1987 and 1997 by The American **Institute of Architects. All rights reserved. WARNING:** This AIA® Document is protected by U.S. Copyright Law and International Treaties. Unauthorized reproduction or distribution of this AIA® Document, or any portion of it, may result in severe civil and criminal penalties, and will be prosecuted to the maximum extent possible under the law. This document was produced by AIA software at 13:41:32 on 04/14/2007 under Order No.1000298730_1 which expires on 4/12/2008, and is not for resale.

User Notes:

(1402580073)

Init.

## CAUSE NO.11945

PERRYTON HOSPITALITY, INC.,

§ IN THE 84ᵗʰ DISTRICT COURT
§
PLAINTIFF
§
§
VS.
§ IN AND FOR
§
§
AUER CORPORATION
§
§
DEFENDANT
§ OCHILTREE COUNTY, TEXAS

## ORDER ON DEFENDANT'S MOTION TO TRANSFER VENUE AND MOTION TO STAY

After considering Defendant Auer Corporation's Motion to Transfer Venue and Motion to Stay, together with the pleadings, the evidence, and the arguments of counsel, the Court finds that good cause exists for the following and rules as follows:

GRANTS the motion to transfer venue and orders this case transferred to the district court of Montgomery County;

STAYS this case for a period of six months from the date of this Order;

ORDERS the Plaintiff to comply with all conditions precedent to litigation set out in Sections 4.3 through 4.6 and related provisions of the General Conditions of the Contract for Construction between the parties hereto, during the foregoing stay and prior to taking any further action in this cause;

ORDERS that Perryton Hospitality Inc. pay Auer Corporation $_____ in attorney's fees and also to pay any costs assessed by the Clerk(s) of Court incident to the transfer of this cause to Montgomery County.

In regard to the transfer of venue, this Court finds that the Plaintiff has failed to establish

the relevant venue facts and that venue is proper in Montgomery County.

Pursuant to the foregoing stay, no further action in this cause, such as but not limited to discovery, shall be taken by either party hereto, except by agreement of the parties or by order of the Court, for good cause shown, after notice and hearing.   Further, Plaintiff is ordered to refrain from taking any action designed to evade or frustrate the conditions precedent set forth in the contract between the parties.

SO ORDERED.

SIGNED on _____, 2009.


_____

PRESIDING JUDGE