NO. 11,945

FILED
AT 11:28 O'CLOCK A M
12-28, A.D. 20 09
CLERK, DISTRICT COURT OCHILTREE COUNTY, TEXAS

| | | |
|---|---|---|
| PERRYTON HOSPITALITY, INC. | § § § | IN THE 84th DISTRICT COURT |
| Plaintiff | § § | |
| V. | § § | IN AND FOR |
| AUER CORPORATION, | § § | |
| Defendant | § | OCHILTREE COUNTY, TEXAS |

### PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

TO THE HONORABLE COURT:

PERRYTON HOSPITALITY, INC. ("Perryton" or "Plaintiff") moves the Court for partial summary judgment against AUER CORPORATION ("Auer" or "Defendant") as follows:

### 1. Introduction - Relief Sought

1.  This suit was filed by Plaintiff against Defendant for the incomplete construction of a hotel in Perryton, Texas (the "Hotel") that Defendant agreed to construct for Plaintiff. Plaintiff has paid Defendant all but $74,173.00 of the agreed-upon Contract price, but the hotel is far from properly complete.

2.  Despite being paid all but $74,173.00 of the Contract price, Defendant filed and has not released an affidavit claiming a mechanic's lien on the property for almost $400,000.00. Additionally, subcontractors and materialmen engaged by Defendant have recorded mechanic's liens on the Hotel totaling almost $300,000.00, and Plaintiff has received other demands for payment from subcontractors and materialmen totaling over $50,000.00.

3.  Plaintiff seeks partial summary judgment that under no circumstances could Defendant show itself entitled to any more than $74,173.00 under the Contract[1], that Defendant's

---

[1] Plaintiff has other offsets and claims against this amount not subject of this partial motion for summary judgment.

lien claim for almost $400,000.00 is therefore invalid and unenforceable, and that under the Contract Defendant is liable to Plaintiff for any and all amounts Plaintiff pays to satisfy the claims of subcontractors and materialmen, in addition to costs and attorney's fees.

4. Plaintiff also seeks summary judgment for violations of Chapter 12 of the Texas Civil Practice and Remedies Code prohibiting the recording of fraudulent lien claims.

## 2. Summary of the Argument

5. Under the Contract between Plaintiff and Defendant, the Contract Sum[2] is $2,850,000.00. In the absence of authorized adjustments, the Contract Sum is the only sum Plaintiff is required to pay to Defendant under the Contract.

6. The Contract requires any change orders resulting in a change to the Contract Sum to be in writing and agreed upon by Plaintiff before the commencement of any work subject of a change order. There are no such authorized change orders.

7. Therefore, $2,850,000.00 is conclusively the total amount that could under any circumstances be due to Defendant from Plaintiff under the Contract. Plaintiff has paid no less than $2,775,827.00 to Defendant under the Contract. As such, Defendant's lien claim (which is for more than the difference) is invalid, unenforceable, and fraudulent.

8. Additionally, the Contract requires Defendant to pay all of its subcontractors and materialmen upon receipt of each payment from Plaintiff under the Contract and requires Defendant to reimburse Plaintiff for any amounts expended to pay claims of subcontractors and materialmen which are not paid by Defendant, plus Plaintiff's costs and attorney's fees.

9. Defendant has failed to satisfy all claims of subcontractors from the funds paid to Defendant under the Contract and is therefore liable for all amounts paid or to be paid by Plaintiff to subcontractors to satisfy outstanding claims.

---

[2] Defined below.

Plaintiff's Motion for Partial Summary Judgment - Page 2
#465779

### 3. Summary Judgment Evidence

10. This motion is based upon the pleadings on file, as well as the summary judgment evidence filed with the clerk of the court with this Motion, all of which is incorporated by reference:

   a. The AIA Contract between Plaintiff and Defendant (the "Contract");

   b. The General Conditions of the Contract (the "General Conditions");

   c. The affidavit claiming a mechanic's and materialmen's lien claim recorded in the official public records of Ochiltree County, Texas, by Defendant on November 13, 2008 (the "Lien Claim");

   d. The Affidavit of Harish Patel, Principal and President of Plaintiff (the "Patel Affidavit"); and

   e. The Affidavit of Kelly Livingston, Senior Vice-President and Branch Manager of Citizens Bank (the "Livingston Affidavit").

### 4. Undisputed Facts

11. In the absence of authorized adjustments, the "Contract Sum" is the total amount payable to Defendant under the Contract. **(General Conditions, Para. 9.1.1).**

12. Regarding any claim by Defendant for an increase in the Contract Sum, Plaintiff must receive written notice before any work is done by Defendant **(General Conditions, Para. 4.3.5)** and any change orders affecting the Contract Sum must be approved in advance by Plaintiff in writing. **(General Conditions, Article VII).**

13. The Contract Sum, in the absence of authorized adjustments[3] is $2,850,000.00. **(Contract, Para. 4.1).**

14. Plaintiff has no duty to pay the subcontractors or materialmen engaged by Defendant. **(General Conditions, Para. 9.6.4).**

---

[3] Of which there are none. *See* infra, Para. 18.

Plaintiff's Motion for Partial Summary Judgment - Page 3
#465779

15. Defendant is required to hold all payments from Plaintiff under the Contract for the benefit of subcontractors and materialmen and to satisfy all claims of such subcontractors and materialmen with payments received from Plaintiff. **(General Conditions, Para. 9.6.2 and 9.6.7).**

16. Defendant warranted in each payment application submitted that all subcontractors and materialmen entitled to payment out of the amount requested to be paid under such payment application had been paid in full. **(General Conditions, Para. 9.3.3).**

17. Defendant must reimburse Plaintiff for any and all amounts paid by Plaintiff to subcontractors or materialmen to satisfy claims not otherwise satisfied by Defendant, plus Plaintiff's costs and attorney's fees. **(General Conditions, Para. 9.10.2).**

### 5. Additional Facts Established by Summary Judgment Evidence

In addition to the Undisputed Facts above, additional summary judgment evidence proves the following:

18. Plaintiff did not approve any change orders or other deviations from the Contract for which an adjustment to the Contract Sum is authorized. **(Patel Affidavit. Para. 3).**

19. As such, the maximum amount that could ever be payable under the Contract by Plaintiff to Defendant is conclusively $2,850,000.00. *Id.*

20. Plaintiff paid Defendant by wire transfers either directly out of its account or through draws on its line of credit with Citizen's Bank. **(Patel Affidavit, Para. 4).**

21. Plaintiff paid Defendant no less than $2,397,384.00 under the Contract by wire transfers from its Citizens Bank account and paid Defendant another $378,443.00 directly under the Contract. **(Livingston Affidavit, Para. 4 and Patel Affidavit, Para. 5).**

22. By September 3, 2008, Defendant was paid no less than a total of $2,775,827.00 under the Contract[4] (**Patel Affidavit, Para. 6**), leaving no more than $74,173.00 that could be due to Defendant under the Contract under any circumstances.

23. Defendant recorded a Mechanic's lien claim on the property on November 13, 2008, for $388,934.34. (**The Lien Claim and Patel Affidavit, Para. 7**).

24. Additionally, mechanic's and materialmen's lien claims by Defendant's subcontractors and materialmen have been recorded totaling $289,718.83. (**Patel Affidavit, Para. 8**).

25. Plaintiff has also received demands for payment for past-due invoices from other subcontractors and materialmen totaling $50,913.50. (**Patel Affidavit, Para. 9**).

### 6. Judicial Notice – Court's File

26. Plaintiff requests that the court take judicial notice of the contents of its entire file in this case. This would include, without limitation, the pleadings and any discovery materials that have been filed.

### 7. Argument

A. *Defendant's Lien Claim is Invalid and Unenforceable*

27. The summary judgment evidence and records in this case conclusively establish as a matter of law that Defendant is entitled to no more than $2,850,000.00 under the Contract, that Defendant has been paid no less than $2,775,827.00 under the Contract, and that, nonetheless, Defendant swears in the Lien Claim to being owed $388,934.34 under the Contract.

28. Specifically, under the Contract, in the absence of authorized adjustments to the Contract Sum, $2,850,000.00 is the total amount payable to Defendant on the project. As

---

[4] Plaintiff has other claims for offset or credit against the Contract that are not subject of this motion for partial summary judgment.

Plaintiff's Motion for Partial Summary Judgment - Page 5
#465779

conclusively established by the summary judgment evidence offered in support of this motion, any adjustment to the Contract Sum must be approved in writing by Plaintiff before any work subject of the price increase is commenced by Defendant, and there are no such approvals from Plaintiff. As such, Defendant is conclusively entitled to no more than $2,850,000.00 from Plaintiff under the Contract. (*See* **Para. 11-13, 18-19, above**).

29. Defendant has been paid no less than $2,775,827.00 on the Contract, leaving only $74,173.00 that could be due to Defendant under any circumstances. Nonetheless, Defendant recorded the Lien Claim claiming to be owed $388,934.34. Defendant's Lien Claim is therefore invalid and unenforceable.

B. *The Lien Claim is Fraudulent*

30. A person may not make, present, or use a document with: (1) knowledge that the document is a fraudulent lien or claim against real property; (2) intent that the document be given the same legal effect as a document evidencing a valid lien or claim against real property; and (3) intent to cause financial injury. TEX. CIV. PRAC. & REM. CODE § 12.002(a).

31. All elements of a claim under Ch. 12 of the Texas Civil Practice and Remedies Code are established as a matter of law:

(1) <u>Knowledge that Lien Claim is Fraudulent</u>: Defendant signed and recorded the Lien Claim for an amount extremely higher than the difference between the Contract Sum and the amount Defendant had been paid under the Contract. Defendant is charged with knowledge and understanding of the Contract which clearly establishes that the Contract Sum is $2,850,000.00.

(2) <u>Intent that Lien Claim be Effective</u>. Defendant recorded the Lien Claim in order to secure an interest in Plaintiff's property and is now attempting to establish and foreclose such interest; and

(3) <u>Intent to Cause Financial Injury</u>: Defendant recorded the Lien Claim to force Plaintiff to pay Defendant more than Plaintiff could ever be required to pay under the Contract.

32. Plaintiff prays that summary judgment be entered against Defendant for filing a fraudulent lien claim and that statutory damages in the amount of $10,000.00, plus exemplary damages, costs, and attorney's fees be awarded under Ch. 12 of the Texas Civil Practice and Remedies Code.

C.   *Defendant is Liable for Subcontractor Claims plus Costs and Attorney's Fees*

33. Defendant is required by the Contract to satisfy all claims of subcontractors and materialmen using the payments received from Plaintiff under the Contract. As is obvious from the myriad recorded lien claims of subcontractors totaling almost $300,000.00 and other demands for payment exceeding $50,000.00, Defendant has failed to do so. (*See* **Para. 14-17, 24-25, above**).

34. Under the Contract, Defendant is liable to Plaintiff for any amount paid by Plaintiff to subcontractors and materialmen with unsatisfied claims, in addition to Plaintiff's costs and attorney's fees. (*See* **Para. 17, above**).

### 8. Conclusion

35. Based upon the pleadings and the summary judgment evidence, there is no disputed issue of material fact, and the summary judgment evidence conclusively establishes as a matter of law that:

a. Defendant has been paid no less than $2,775,827.00, that the difference between this amount and the maximum amount to which Defendant could ever establish itself entitled to under the Contract (the Contract Sum) is much less than the amount of the Lien Claim, and that therefore the Lien Claim is invalid and unenforceable;

b. Defendant recorded a fraudulent lien claim in violation of Chapter 12 of the Texas Civil Practice & Remedies Code; and

c. Defendant is liable to Plaintiff for any amounts paid by Plaintiff to satisfy claims of subcontractors and materialmen plus costs and attorney's fees.

## 9. Relief Requested Not Granted in Full

36.   To the extent judgment is not rendered for all relief requested herein, Plaintiff requests that the Court examine the pleadings and the evidence before it and interrogate counsel, and ascertain what material facts exist without substantial controversy and what material facts are actually in good faith controverted. Plaintiff requests that the Court make an order specifying the facts that appear without substantial controversy and directing such further proceedings as are just. Plaintiff further requests that if a trial is necessary, the facts specified by the Court in its order regarding this motion for summary judgment be deemed established.

## 10. Prayer

WHEREFORE, Perryton Hospitality, Inc., Plaintiff, prays for partial summary judgment from and against Auer Corporation, Defendant, as follows:

a. Judgment that the lien claim is invalid and unenforceable and any other appropriate order removing the lien claim as an encumbrance to Plaintiff's title;

b. Judgment that Defendant has violated Section 12.002 of the Texas Civil Practice and Remedies Code and awarding $10,000.00 in statutory damages plus exemplary damages;

c. Judgment that Defendant is liable to Plaintiff for any and all amounts paid in satisfaction of claims of subcontractors and materialmen on the Hotel project, plus Plaintiff's costs and attorney's fees incurred in satisfying same;

d. Costs of Court;

e. Attorney's fees (in an amount to be determined at future proceedings); and

f. All other relief, general and specific, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

UNDERWOOD, WILSON, BERRY,
 STEIN & JOHNSON, P.C.
P. O. Box 9158
Amarillo, Texas 79105-9158
Phone: (806) 376-5613
Fax:   (806) 349-9471

By: _____
W. WADE ARNOLD, State Bar No: 00783561
JOHN B. ATKINS, State Bar No: 24050237
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing instrument was, this 24th day of December, 2009, served upon all persons below by the means indicated:

Donna C. Kline                              CMRRR # 7005 3110 0000 0988 5975
16144 Bethel Road
Montgomery, TX 77356

_____
W. Wade Arnold / John B. Atkins